UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CAUSE # PENDING

FILED
12/07/2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

| JASON L LANE<br>V<br>DOCTOR ROHANA et.al | PRISONER COMPLAINT |
|---|---|

2:20-cv-650-JPH-DLP

SCANNED at Putnamville and Emailed on 12-7-20 by CW - 6 pages.

I Jason L Lane wish to sue Two (2) People

| #1, Doctor Rohana<br>Doctor | marion county jail<br>40-S. Alabama Street<br>Indianapolis, Indiana<br>46204 |
|---|---|
| #2, Kerry J Forestal<br>Sheriff | marion county Sheriff<br>40-S. Alabama Street<br>Indianapolis, Indiana<br>46204 |

I Jason L Lane have exhausted the remedies available to me by filing a grievance on 9-5-19 Informal and formal 9-25-19 and Appeal on 10-18-19

### STATEMENT OF CLAIM

1. On September-3-2019 Lane was a prisoner in the custody, care of the marion county Sheriff Kerry J Forestal.

2. Lane was housed in cell block 2Q. While house in 2Q Lane was subjected to inhumane confinement conditions which resulted in Lane being permanatly maimed.

3. On 9-3-19 While waiting to pass laundry to be laundered at 7:30 am Lane was exposed to unsafe, unsanitary conditions in the way of a leaking shower that was left to cause mold and noxious gas.

4. The Sheriff was fully aware of this situation and refused to address and or repair the unsafe, unsanitary shower.

5. While waiting in line lane became light headed from t

[Continued] **Prisoner Complaint**
**Statement of Claim**

Fumes. Lane also became sick to his stomach.

6. Lane semi lost conciousness and slipped and fell and in the process broke my foot.

7. This incident was captured by survielance system and was also witnessed by the officer in charge on 9-3-19

8. Lane was placed in an observation room and was examined by the nurse on duty that was doing med pass on that floor at that above date and time.

9. Nurse Jane Doe examined Lanes foot and observed swelling so she refered Lane to DR Rohana.

10. DR Rohana examined Lanes foot gave Lane an ACE bandase and sent Lane back to his cell in 2-Q which was on the second level Cell # 207.

11. Later Lane was made to move to cell block 2-C and was not given crutches or a wheelchair. Lane was made to hop around on one (1) foot and remained in severe pain and discomfort.

12. Lane put in health care requests daily and communicated his pain and discomfort to every nurse who did med pass.

13. On 9-6-19 Lane was called to the medical Department and recieved an XRAY by unknown Technician.

14. Lane was moved again to another block and not offered crutches, wheelchair or any relief.

[Continued]

**Prisoner Complaint**

**Statement of Claim**

15. On 9-9-19 Lane was transported to Eskanazi for an unrelated elbow injury. While at Eskanazi the xray tech noticed Lane was unable to place weight or walk on his foot and examined his foot and obtained permission to xray the foot.

16. After the xray a DR unknown advised Lane that his foot was broken in two (2) places and would require surgery.

17. On 9-10-19 Lane was called to DR Rohana and the unknown RN's office and both DR & RN asked why Lane was even there because DR Rohana had seen Lanes xray and determined there was nothing wrong with Lanes foot and that Rohana had wrote his report on the computer stating that there is nothing wrong with Lanes foot.

18. Lane advised DR Rohana about the events of 9-9-19 and had LT unknown who transported Lane to his Eskanazi appointment collaberate his story. LT unknown pointed out the other DR's assessment that was placed in the office upon Lanes return from his 9-9-19 appointment.

19. After reading the report DR Rohana became visibly shaken and started issuing orders for crutches

20. Lane was still made to climb stairs on crutches

(4)

[Continued] 

Prisoner Complaint
Statement of Claim

with a foot broken in (2) two places.

21. On 10-12-19 Lane underwent surgery to repair his broken foot. Lane recieved two (2) plates eleven (11) screws and two (2) rods in his foot.

22. Lane was barely offered Ibuprophen for his pain.

23. Lane was made to climb stairs and hop around on one (1) leg for (7) seven days

24. If Lane had not been lucky enough to have a prior appt at Eskanazi he would not have recieved the treatment he required.

25. For these reasons Lane believes the Sheriff has violated his eisth amendment right to be confined in a safe, sanitary humane manner, If not for his deliberate indifference to confinement conditions Lane would not have broken his foot

26. Furthermore the Sheriff is responsible for the health, welfare and safety of the people he has incarcerated within his jail. The Sheriff did nothing to aid and assist Lane once notified of his serious medical need thereby violating Lanes eisth amendment rights.

[Continued] Prisoner Complaint Statement of Claim

[Continued] **Prisoner Complaint Statement of Claim** (5)

27. DR Rohana violated Lanes eisth amendment rights allowing Lane to suffer for over a week. It is a matter of fact that broken bones are extreamly painful. For DR Rohana to not order Lane crutches and pain relievers and to leave Lane on a top range is unacceptable and a clear violation of the eisth amendment

28. This is a clear case of deliberate indifference to Lanes serious medical needs.

29. Lane asks for leave to proceed against the defendants and asks for nominal, compensatory and punitive damages.

30. Lane asks for a jury trail and requires the defendants pay court costs.

31. $100,000 is requested from each defendant

32. $200,000 is requested from each in punitive damages

I Jason L Lane respectfully submit this complaint.

Jason L Lane #922942
Jason Lane #922942          12-4-20